UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==========================================

MT. HAWLEY INSURANCE COMPANY,

                      Plaintiff,

v.                                                              Civ. Action No.: _____

UNIVERSAL FINANCIAL HOLDINGS, INC., and
5236 PEMBROKE, INC.,

                      Defendants.

==========================================

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley"), by its attorneys, Delahunt Law PLLC, for its Complaint for Declaratory Judgment alleges upon information and belief:

### JURISDICTION, PARTIES, AND VENUE

1.      This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. section 2201. Mt. Hawley seeks judgment declaring it has no duty to defend or indemnify defendants Universal Financial Holdings, Inc. ("Universal") or 5236 Pembroke, Inc. ("Pembroke") in connection with a September 25, 2020 shooting incident and the related action captioned <u>Alonzo Hughes v. Universal Financial Holdings, Inc. and 5236 Pembroke, Inc.</u>, Florida Circuit Court, 11th Judicial Circuit, Miami-Dade Co. ("the <u>Hughes</u> action").

2.      At all relevant times, Mt. Hawley was an Illinois corporation with its principal place of business in Illinois.

3.      At all relevant times, Mt. Hawley was engaged in certain insurance business in New York State on an excess and surplus lines basis.

4. At all relevant times, Universal was a Florida corporation with its principal place of business in Florida.

5. At all relevant times, Pembroke was a Florida corporation with its principal place of business in Florida.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1332(a)(1) based upon complete diversity of citizenship of the parties and an amount in controversy that exceeds $75,000.

7. Universal is subject to personal jurisdiction pursuant to New York General Obligations Law sections 5-1401 and 5-1402.

8. Pembroke is subject to personal jurisdiction pursuant to New York General Obligations Law sections 5-1401 and 5-1402

9. Venue is proper in this Court pursuant to 28 U.S.C. section 1391(b)(3).

**FACTS**

10. At all relevant times, Universal and Pembroke were engaged in the ownership and/or management of an apartment building located at 2052 Washington Avenue, Opa-Locka, Florida.

11. Mt. Hawley issued Universal and Pembroke a Commercial General Liability Policy (No. GGL0016887) for the period May 12, 2020 to May 12, 2021 ("the Mt. Hawley CGL policy"). A certified copy of the Mt. Hawley CGL policy is attached hereto as **Exhibit 1**.

12. Mt. Hawley issued Universal and Pembroke and Excess Liability Policy (No. GXS0001351) for the period May 12, 2020 to May 12, 2021 ("the Mt. Hawley excess policy"). A certified copy of the Mt. Hawley excess policy is attached hereto as **Exhibit 2**.

13. The Mt. Hawley CGL policy is listed in the Mt. Hawley excess policy's Schedule of Underlying Insurance.

14. The Mt. Hawley CGL policy is subject to the Service of Suit and Conditions Endorsement, which states, in part:

### SERVICE OF SUIT AND CONDITIONS ENDORSEMENT

**Conditions**

1. This Policy is amended to add the following Conditions:

    **AA. Jurisdiction and Venue**. It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the "Insured" shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation commenced by any "Insured" against the Company shall be initiated in New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

    **BB. Choice of Law**. All matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

15. The Mt. Hawley excess policy is subject to the Service of Suit and Conditions Endorsement, which states, in part:

### SERVICE OF SUIT AND CONDITIONS ENDORSEMENT

**Conditions**

2. This Policy is amended to add the following Conditions:

    **AA. Jurisdiction and Venue**. It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the **Insured** shall submit to the

>jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation commenced by any **Insured** against the Company shall be initiated in New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.
>
>**BB.    Choice of Law**. All matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

16. The Mt. Hawley policies are subject to the Exclusion – Firearms, which states:

>This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments for injury sustained by any person caused directly or indirectly by the discharge of firearms by any person or people on or about the insured premises.

17. On or about March 20, 2023, the Hughes action was commenced against Universal and Pembroke. A copy of the complaint in the Hughes action is attached hereto as **Exhibit 3**.

18. The Hughes action complaint alleges that Universal owned, operated, managed, maintained, and/or controlled the apartment building at 2052 Washington Avenue.

19. The Hughes action complaint alleges Pembroke owed a duty to invitees on the premises to keep and maintain the premises in safe condition.

20. The Hughes action complaint alleges that on September 25, 2020, underlying plaintiff Alonzo Hughes ("Hughes") was an invitee on the premises.

21. The Hughes action complaint alleges that on September 25, 2020, Hughes was criminally attacked on the premises.

22. The incident alleged in Hughes was a shooting. Hughes was shot. A copy of Hughes' attorneys' letter of representation to Universal regarding the incident is attached hereto as **Exhibit 4**.

23. The Hughes action complaint alleges Universal and Pembroke were negligent in connection with the September 25, 2020 shooting and Hughes' alleged injuries.

24. The Hughes action complaint asserts causes of action for negligence against Universal and Pembroke.

25. There is no duty to defend or indemnify Universal under the Mt. Hawley policies in connection with the Hughes action or the September 25, 2020 incident alleged therein as they fall wholly within the Mt. Hawley policies' Exclusion – Firearms.

26. There is no duty to defend or indemnify Pembroke under the Mt. Hawley policies in connection with the Hughes action or the September 25, 2020 incident alleged therein as they fall wholly within the Mt. Hawley policies' Exclusion – Firearms.

27. Pursuant to the Mt. Hawley policies' Service of Suit and Conditions Endorsements, Mt. Hawley has filed this action in this Court in order to obtain a judgment declaring that, under New York law, Mt. Hawley has no duty to defend or indemnify Universal or Pembroke in connection with the Hughes action or the September 25, 2020 incident alleged therein.

28. Mt. Hawley is providing a defense to Universal and Pembroke in the Hughes action pending the disposition of this action.

## **FIRST CAUSE OF ACTION**

29. Mt. Hawley re-alleges paragraphs 1 through 28 above as if fully set forth herein.

30. There is no duty to defend or indemnify Universal under the Mt. Hawley policies in connection with the Hughes action or the September 25, 2020 incident alleged therein as they fall wholly within the Mt. Hawley policies' Exclusion – Firearms.

31. Mt. Hawley is entitled to judgment declaring that it has no obligation to defend or indemnify Universal in connection with the Hughes action or the September 25, 2020 incident alleged therein.

## SECOND CAUSE OF ACTION

32. Mt. Hawley re-alleges paragraphs 1 through 31 above as if fully set forth herein.

33. There is no duty to defend or indemnify Universal under the Mt. Hawley policies in connection with the Hughes action or the September 25, 2020 incident alleged therein as they fall wholly within the Mt. Hawley policies' Exclusion – Firearms.

34. Mt. Hawley is entitled to judgment declaring that it has no obligation to defend or indemnify Universal in connection with the Hughes action or the September 25, 2020 incident alleged therein.

**WHEREFORE**, Mt. Hawley respectfully requests judgment: (1) declaring that it has no obligation to defend or indemnify Universal in connection with the Hughes action or the September 25, 2020 incident alleged therein; (2) declaring that it has no obligation to defend or indemnify Pembroke in connection with the Hughes action or the September 25, 2020 incident alleged therein; and (3) granting such other and further relief in Mt. Hawley's favor as the Court finds just and appropriate.

Dated:  January 26, 2024						Respectfully submitted,

								DELAHUNT LAW PLLC


								By:	_____/s/_____
									Timothy E. Delahunt
									Bar Roll. No. TD-2791
									tdelahunt@delahuntpllc.com

								295 Main Street
								Suite 836
								Buffalo, New York 14203
								Tel.: (716) 878-9178

								*Attorneys for plaintiff*
								*Mt. Hawley Insurance Company*